United States District Court
Southern District of Texas
**ENTERED**
March 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TONEY JONES a/k/a DEVONE CALDWELL, (Inmate # 2825110) | § § § § § § | |
| *Plaintiff,* | § | |
| vs. | § § | CIVIL ACTION NO. H-23-1012 |
| UNKNOWN JAIL DETENTION OFFICER, *et al.,* | § § § § | |
| *Defendants.* | § | |

## ORDER DENYING THE DEFENDANTS' MOTIONS TO DISMISS AND DENYING JONES'S MOTION FOR TRIAL DATE

While he was detained in the Harris County Jail, plaintiff Toney Jones, a/k/a

Devone Caldwell (SPN #02825110), filed a civil rights complaint under 42 U.S.C.

§ 1983, against three unknown Harris County Jail detention officers.  (Dkt. 1).

Proceeding *pro se* and *in forma pauperis*, Jones alleged that the three detention

officers used excessive force against him during an incident that occurred on June

17, 2022.  (*Id.*).  At the Court's request, Jones filed a More Definite Statement of his

claims. (Dkt. 11).  The Court also requested that Harris County provide a report

with administrative records as permitted by *Norton v. Dimazana*, 122 F.3d 286, 292

(5th Cir. 1997), and *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987).  (Dkt. 12).

After reviewing all the pleadings as required by 28 U.S.C. § 1915A and considering

the records included in the *Martinez* report to the extent permitted at this stage of the proceedings,[1] the Court ordered service of process on detention officers Julian Escalera, Hector Gonzalez, and Andrea Trevino. (Dkt. 22). Each defendant responded with a motion to dismiss Jones's complaint. (Dkts. 36, 44, 46). Jones filed responses to the motions, (Dkts. 41, 50, 55), and Gonzalez filed a reply. (Dkt. 54). Jones later filed a motion to set a trial date. (Dkt. 56). Having reviewed the motions and responses, all matters of record, and the law, the Court denies the motions to dismiss for the reasons explained below. The Court also denies Jones's motion to set a trial date at this time.

## I.    BACKGROUND

Jones was booked into the Harris County Jail on June 13, 2022, on charges of aggravated assault, aggravated robbery, unlawful possession of a firearm, and possession of controlled substances. (Dkt. 11, p. 2). On June 17, 2022, Jones was in a cell the medical holding area, waiting to complete all of the intake screening procedures before he would be assigned to a more permanent cell. (*Id.* at 4).

While in the medical holding cell, Jones and several other inmates in the cell

---

[1]At this stage of the proceedings, the Court may use the records produced as part of a *Martinez* report only to clarify the issues raised in a *pro se* plaintiff's complaint. *See Davis v. Lumpkin*, 35 F.4th 958, 963-64 (5th Cir. 2022). The Court may not rely on information contained in a *Martinez* report to resolve disputed factual issues against the plaintiff. *Id.*

saw several detention officers beating another inmate who was outside the cell. (*Id.* at 6). Jones and the other inmates began calling out from their cell, saying that they could see what the detention officers were doing and that it was wrong. (*Id.* at 6-7). In response, the officers came to the cell where Jones was, opened the door, and began beating Jones. (*Id.*). Jones believes he was selected because he was closest to the door and because the officers "wanted to teach me a lesson." (*Id.* at 6-7). Jones alleges that he suffered a right orbital fracture as a result of the beating. (*Id.*). He also alleges that the officers sprayed pepper spray in his eyes and cut him with something, which resulted in him needing stitches under his eye and on his arm. (*Id.*) After the assault, Jones was taken to Ben Taub hospital and treated for his injuries. (*Id.* at 7-8). He alleges that he continues to suffer from some loss of vision and pain in his right eye. (*Id.* at 8). Jones seeks both compensatory and punitive damages against the defendants. (Dkt. 1, p. 4). He also asks that each of the defendants be "prosecuted to the full extent of the law." (*Id.*).

Based on Jones's complaint and More Definite Statement, the Court ordered Harris County Detention Officers Escalera, Gonzalez, and Trevino to answer the complaint. (Dkt. 22). They each answered with a motion to dismiss, contending that they are entitled to qualified immunity. (Dkts. 36, 44, 46). Jones responded to the motions, alleging that the force used was excessive in part because the officers

3

continued to punch him in the face even after he was "balled up" and no longer resisting. (Dkt. 41). He also alleges that they used "something sharp" to cut his wrist. (*Id.*). He alleges that the beating stopped only when a nurse saw what was happening and ordered the officers to stop. (Dkt. 50).

## II.   LEGAL STANDARDS

### A.   Excessive Force Claims

Pretrial detainees, like Jones, have a due process right under the Fourteenth Amendment to be free "from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 400 (2015). Punishment "can consist of actions taken with an 'expressed intent to punish.'" *Id.* at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). But even "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* (quoting *Bell*, 441 U.S. at 561). To meet this standard, the pretrial detainee must show that "the force purposely and knowingly used against him was objectively unreasonable." *Id.* at 397.

### B.   Motions to Dismiss

The defendants have moved to dismiss Jones's complaint under Federal Rule

of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion is properly granted when the plaintiff's complaint fails to state a claim upon which relief can be granted. When the Court considers a motion under Rule 12(b)(6), "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court must "accept[] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020) (cleaned up). The Court "construes the complaint liberally in favor of the plaintiff," "takes all facts pleaded in the complaint as true," and considers whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up).

But to survive a motion to dismiss under Rule 12(b)(6), the complaint must include specific facts, not conclusory allegations. *See Powers*, 951 F.3d at 305. The complaint must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). A claim is plausible on its

face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). If the facts alleged are facially sufficient, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). But if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id.* at 570.

## C.   *Pro Se* Pleadings

Jones is proceeding *pro se* in this action. Pleadings filed by *pro se* litigants are not held to the same stringent and rigorous standards as pleadings filed by lawyers and instead must be liberally construed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). But even under a liberal construction, *pro se* plaintiffs "must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (footnotes omitted).

6

## III.   DISCUSSION

The defendants move to dismiss Jones's complaint on the basis of qualified immunity. "Qualified immunity protects officers from suit unless their conduct violates a clearly established right." *Austin v. City of Pasadena, Tex.*, 74 F.4th 312, 322 (5th Cir. 2023) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir. 2003)); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). The test for qualified immunity involves two steps: "first we ask whether the officer's alleged conduct has violated a federal right; . . . second we ask whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Solis v. Serrett*, 31 F.4th 975, 981 (5th Cir. 2022) (quoting *Cole v. Carson*, 935 F.3d 444, 451 (5th Cir. 2019) (en banc)).

When qualified immunity is raised as a basis for dismissal in a Rule 12(b)(6) motion, the Court must determine whether "the plaintiff's pleadings assert facts which, if true, would overcome the defense." *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "[C]laims implicating qualified immunity are subject to the same [Federal] Rule [of Civil Procedure] 8 pleading standard set forth in *Twombly* and *Iqbal* as all other claims." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020).

7

Therefore, "an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard." *Id.* (citing *Anderson v. Valdez*, 845 F.3d 580, 590 (5th Cir. 2016)).  This is true even though qualified immunity should generally be addressed at the earliest possible stage of litigation. *Id.* at 267 (citing *Westfall v. Luna*, 903 F.3d 534, 542 (5th Cir. 2018) (per curiam)).

Instead, when faced with a motion to dismiss on the defense of qualified immunity in an excessive force case, the question for the Court is whether the complaint alleges specific facts that would allow the Court to draw a reasonable inference that the defendant applied force in a manner that was objectively unreasonable. *See Kingsley*, 576 U.S. at 398.  When considering whether the force used was objectively unreasonable, the Court considers "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Id.* at 397.

The specific factual allegations in Jones's complaint and More Definite Statement are sufficient to support a reasonable inference that Escalera, Gonzalez, and Trevino used force in a manner that was objectively unreasonable.  While Jones

admits that he started a disturbance, he alleges that he was locked inside a medical holding cell at the time. He alleges that the officers began using force on him immediately upon opening his cell door; no other means to stop the disturbance were tried. Jones also alleges that that the amount of force used—which was sufficient to break his right orbital bone—was more than what was necessary to quell the disturbance.

If proven true, these factual allegations plausibly support a reasonable inference that the detention officers violated Jones's constitutional right to be free from excessive force. Moreover, the law was clearly established in June 2022 that the use of force disproportionate to the need is unconstitutional. *See Kingsley*, 576 U.S. at 398; *Joseph on Behalf of Estate of Joseph v. Bartlett*, 981 F.3d 319, 324 (5th Cir. 2020). While Jones may not ultimately prevail on his claim, the facts he alleges in his complaint and More Definite Statement are sufficient to defeat a qualified immunity defense at the Rule 12(b)(6) stage. The defendants' motions to dismiss, (Dkts. 36, 44, 46), must be denied.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.      The Motions to Dismiss filed by defendants Julian Escalera, (Dkt. 36), Hector Gonzalez, (Dkt. 44), and Andrea Trevino, (Dkt. 46), are **DENIED**.

2.      The defendants shall answer the complaint within **thirty (30) days** of the date of this Order.

3.      Defendant Gonzalez shall provide initial disclosures as required by the Court's Order for Service of Process, (Dkt. 22), within **forty-five (45) days** of this Order.[2] No other discovery will be permitted until further order of the Court.

4.      The defendants shall file any further dispositive motions, including motions for summary judgment under Federal Rule of Civil Procedure 56, within **ninety (90) days** of this Order.

5.      Jones's "Motion for Trial Date," (Dkt. 56), is **DENIED** at this time. The Court will issue a Scheduling Order that will control the remainder of the proceedings at a later date.

The Clerk will provide a copy of this Order to the parties.

SIGNED at Houston, Texas, on _____*March 21*_____, 2024.


_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

---

[2]Defendant Escalera served his initial disclosures on December 15, 2023. (Dkt. 43). Defendant Trevino served her initial disclosures on January 25, 2024. (Dkt. 52). The Court has no record that Defendant Gonzalez has served initial disclosures in compliance with the Court's Order for Service of Process. (Dkt. 22).